Filed 5/28/25  P. v. George CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084810 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF2201583) |
| JOE LYNN GEORGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, John M. Monterosso, Judge.  Dismissed.

Joe Lynn George, in pro. per.; and Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Joe Lynn George purports to appeal from the trial court's June 26, 2024 minute order "tak[ing] no action" on his request for recall and modification of sentence.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and George filed a supplemental brief.  We have reviewed the issues raised in George's supplemental brief and, at our

discretion, have independently reviewed the record. (*Id.* at p. 232.) Doing so, we conclude the trial court's order declining to act on his request for resentencing is not an appealable order and thus we lack jurisdiction to consider his appeal. Accordingly, we dismiss.

I.

*Background*

In a second amended felony complaint, George was charged with three felony counts: felon in possession of a semi-automatic firearm who is "addicted to the use of any narcotic drug" (Pen. Code,[1] § 29800, subd. (a)(1); count 1); felon in possession of ammunition (§ 30305, subd. (a)(1); count 2); and gross negligent discharge of a firearm which could result in injury or death to a person (§ 246.3, subd. (a); count 3). It was alleged, as to count 1, George was armed with a deadly weapon (§ 667, subd. (e)(2)(C)(iii)) and, as to count 3, that George personally used a firearm (§ 1192.7, subd. (c)(8)). It was further alleged George had suffered a prior serious felony conviction (§ 667, subd. (a)) and four strike priors (*id.*, subds. (c) & (e), 1170.12, subd. (c)), including 1997 convictions for assault with intent to rape (§ 220), rape (§ 261), lewd acts with a minor (§ 288), and a 1998 conviction for assault with intent to rape (§ 220).

On February 29, 2024, George pled guilty to counts 1 and 3 and admitted he personally fired the gun within the meaning of section 1192.7, subdivision (c)(8), and that he had suffered the prior serious felony conviction (sometimes referred to as a "nickel prior") and one strike conviction in exchange for an agreed upon sentence of 12 years, four months. The sentence imposed consisted of six years on count 3 (upper term of three years, doubled for the strike conviction), a consecutive term of one year, four months (one

---

[1]	All further undesignated statutory references are to the Penal Code.

2

third the middle term, doubled for the strike conviction) on count 1, plus five years for the nickel prior.

On June 25, 2024, George filed a pleading entitled "Motion for Modification of Sentence, Pursuant to Senate Bill No.'s 1393, 1618, 1385 as Amended by Senate Bill 81, and 620," in which he asserted the "five-year prior serious felony conviction enhancement must be set aside." (Capitalization omitted.) On June 26, the trial court entered a minute order stating it had read and considered George's filing and declined to take any action on George's request. George filed a notice of appeal from the court's minute order.

## II.

### *Discussion*

George's appellate counsel has filed a brief raising no issues and requesting this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. At our discretion, we have conducted an independent review of the record and we have also considered the specific arguments presented by George in his supplemental brief. As we explain, we lack jurisdiction to consider this appeal and thus we dismiss.

In his motion for modification of sentence, George argued he was entitled to "retroactive" application of Senate Bill No. 1393 (Senate Bill 1393) and the five years imposed for his nickel prior "must be set aside." Senate Bill 1393 amended sections 667, subdivision (a), and 1385, subdivision (b), effective January 1, 2019, to give courts discretion to strike or dismiss a nickel prior in the interests of justice. (Stats. 2018, ch. 1013, §§ 1–2; see *People v. Garcia* (2018) 28 Cal.App.5th 961, 971 (*Garcia*).) In an ex parte minute order, the trial court declined to take any action on George's request,

3

explaining "[section 1170, subdivision (d)(1),] does not apply, . . . nor is [George] entitled to apply for post sentence relief per [section] 1172.1."

In his supplemental brief on appeal, George argues the trial court "without any legal bases to do so, switch[ed]" his motion made under "Senate Bills Number 1393, 1619, Penal Code 1385 as amended [b]y Senate Bill 81 and 620" to one made under sections 1170, subdivision (d)(1), and 1172.1. George's contention reflects a fundamental misunderstanding about the statutory procedure for recall of a sentence and resentencing.

Section 1172.1 is the statute that authorizes the trial court to recall a previously imposed sentence and resentence the defendant. It provides: "the court may, *on its own motion*, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), italics added.) When recalling and resentencing under this statute, the court is required to "apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Ibid.*, subd. (a)(2).) And the court may reduce a defendant's term of imprisonment in the interests of justice "regardless of whether the original sentence was imposed after a trial or plea agreement." (*Ibid.* & *id.,* subd. (a)(3)(1).) Thus, although George did not explicitly invoke section 1172.1, the court correctly observed that to provide a defendant with the benefits of ameliorative sentencing laws such as Senate Bill 1393, the trial court would proceed under section 1172.1.

However, the trial court correctly observed that George is "not entitled" to apply for postsentence relief under section 1172.1. Nor can he invoke section 1172.1 to compel resentencing. The statute expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under

4

this section. If a defendant requests consideration for relief under this section, *the court is not required to respond.*" (§ 1172.1, subd. (c), italics added.) By its plain terms, "[t]hough the court can act on its own motion, defendants may not petition under section 1172.1." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 695 (*Faustinos*).) And if the defendant requests consideration for relief under the statute, the court is not required to respond. (*Ibid.*, citing § 1172.1, subd. (c).)

Thus, the trial court was within its authority to take no action on George's request for recall and resentencing.[2] (§ 1172.1, subd. (c).) This conclusion compels dismissal of George's appeal from the court's minute order declining to take no action on his request. Because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one," it follows that "an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights." (*Faustinos, supra*, 109 Cal.App.5th at p. 696.) We therefore "lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1. (§ 1237,

---

[2] We note there is another problem with George's motion for modification of sentence. The trial court has discretion to initiate recall and resentencing "within 120 days of the date of commitment or at any time *if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority* or case law." (§ 1172.1, subd. (a)(1), italics added.) The amendments to sections 667, subdivision (a), and 1385, subdivision (b), had been in effect for *more than five years* at the time of his sentencing. Senate Bill 1393 made these amendments effective January 1, 2019. (Stats. 2018, ch. 1013, § 1, eff. Jan. 1, 2019; see *Garcia, supra*, 28 Cal.App.5th at p. 971.) At sentencing, George did not request the trial court consider its discretion to strike or dismiss his nickel prior.

subd. (b)).)" (*Faustinos,* at p. 696.)  Because there is no appealable order, we dismiss the appeal.  (*Id.* at p. 700.)

III.

*Disposition*

We dismiss the appeal.


DO, J.

WE CONCUR:



McCONNELL, P. J.



CASTILLO, J.

6